IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FIRST SPECIALTY INSURANCE CORP.                                    PLAINTIFF

V.                                                  CIVIL ACTION NO. 1:07CV98-A-A

UNITED STATES AQUACULTURE
LICENSING, INC., ET AL                                             DEFENDANTS

ORDER

Mississippi State University ("MSU") seeks and order compelling plaintiff First Specialty Insurance Company ("First Specialty") to produce documents requested in MSU's re-notice of deposition and allowing MSU to re-open First Specialty's 30(b)(6) deposition to obtain First Specialty's interpretation of coverage issues and additional document production, if any. First Specialty opposes the motion and seeks a protective order preventing production of the documents resumption of the deposition.

First Specialty has filed a motion for summary judgment in this declaratory action arguing that the allegations in the underlying state court action do not give rise to coverage under the terms of the general commercial liability policy in effect at the time of the channel catfish death that gave rise to the state court case.[1]  On February 18, 2008, MSU filed a notice of 30(b)(6)

---

[1] As stated in the court's March 20, 2008 order and referenced herein, this case is an action for declaratory judgment that stems from a case styled *Bear Creek Fisheries, Inc., v. Mississippi Board of Trustees of State Institutes of Higher Learning and Mississippi State University*, Civil Action No CI 2005-253.  The case was filed in the Circuit Court of Washington County, Mississippi on September 12, 2005.  The facts of the underlying case allege negligence,

deposition of First Specialty designating 18 categories of documents to be produced and First Specialty moved for a protective order with respect to 7 of the categories of documents requested. The motion was granted in part and denied in part. In that Order, the court held that "documents, policies, procedures, manuals and other such documents that are prepared in the ordinary course of business are certainly not covered by either the work product doctrine or the attorney client privilege; those must be produced and may be the subject of questions during the deposition." Without a privilege log from First Specialty regarding documents claimed subject to protection or privilege, the court concluded that it was "simply without evidence sufficient to find that the attorney client privilege is or is not applicable in this case." Docket No. 68, p.6. Thereafter First Specialty produced on March 24th over 100 pages of documents in response to the 30(b)(5) request. First Specialty has also produced, via Insurisk, the First Specialty Policy Manual including handwritten notes from Insurisk. First Specialty asserts that it has "produced every document in its possession, custody or control with respect to the design, formulation and issuance of the policy." Docket # 70, p. 4.

The present motions revisit the exact issues addressed in the March 20, 2008 Order, except First Specialty has now submitted a privilege log – which should have been done months ago under the Rules – and MSU has taken the 30(b)(6) deposition of First Specialty so that the specific questions objected to at that deposition are now in issue. The crux of the problems giving rise to the instant motions is that plaintiff and defendant have vastly different views of the issues of this case. MSU argues that the policy is subject to interpretation and therefore must be interpreted by reference to the source of the policy form, underwriting manuals, and First

---

breach of contract and breach of warranty claims against Mississippi State University (MSU) for the sale of a strain of catfish that ultimately died from a virus.

Specialty's internal communications interpreting the policy, while First Specialty contends that the policy terms are clear and unambiguous, making formation and internal interpretation of the policy irrelevant. These ultimate questions are for the District Judge to decide, and this difference of opinion cannot justify First Specialty's unilateral decision whether to produce or withhold evidence.

Rule 26 expressly states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . . for good cause, the court may order discovery of any matter relevant to the subject matter involved int eh action." Fed. R. Civ. P. 26(b)(1). It is clear that First Specialty has responded to MSU's requests for production based on its own perception of this case and not necessarily responded completely as provided by the Rules of Discovery.

For good cause shown, the court holds that First Specialty shall produce documents as follows:

1. All policy forms, procedures, manuals and/or communications relating to information from the ISO online data base that First Specialty may have used in relation to the general commercial liability policy numbers CPP81114 and/or FCP209001512200[2];

2. All documents in First Specialty's claims files that are not covered by a

---

[2]First Specialty states in its response that its representative testified that First Specialty utilizes its own underwriting guidelines and did not utilize ISO policies or guidelines with respect to the policy in issue. Nevertheless, the transcript of the deposition reveals that at minimum First Specialty adopted the form of the policy in whole from an ISO form. Accordingly, the ISO information is relevant under the Rules. Relevance to discovery does not equate to admissibility at trial.

> recognized privilege, *e.g.,* attorney-client privilege, work product doctrine, etc. The assertion of "claims file" as a privilege in First Specialty's privilege log is not a recognized privilege.
>
> 3. Documents relating to all relevant programs under which First Specialty issued its commercial general Liability policies, not just its general agent program. First Specialty may not unilaterally decide to limit its document production to a single program – the general agent program – when other possibly relevant programs exist and may provide information relevant to the claims in issue. First Specialty must produce documents relating to First Specialty as a whole company, and not within just one program within the company. Again, documents included in the scope of discovery may not be admissible at trial.

First Specialty shall produce all relevant information on or before June 23, 2008.

With regard to reopening the 30(b)(6) deposition and testimony of First Specialty representatives, there is no doubt that (1) First Specialty's unilateral decision not to search for or produce certain documents and (2) First Specialty's delay in production of a privilege log until after the 30(b)(6) deposition and after the close of discovery in this case has delayed the progress of this case. In light of First Specialty's delay in production and failure to produce all relevant documents, there now exist matters that may properly be inquired into by MSU. Accordingly, the court orders that the First Specialty 30(b)(6) deposition be reopened, and MSU may pursue questions related to documents and subject matters arising from documents produced as a result of this order. The deposition shall be re-convened on or before July 1, 2008, and the cost of the deposition, including MSU's reasonable attorney's fees and expenses, shall be paid by First Specialty. See Fed R. Civ. P 37(a)(5)(A).

First Specialty's motion for protective order is denied in all respects except as to documents listed in its privilege log as protected by the attorney-client privilege or the work product doctrine[3].

ACCORDINGLY, IT IS ORDERED that MSU's motion to compel First Specialty to produce documents requested by it within MSU's re-notice of deposition and to allow MSU to re-open First Specialty's 30(b)(6) deposition is granted excepting only the production of documents claimed by First Specialty to be subject to the attorney-client privilege or work product doctrine. First Specialty's motion for protective order is denied except as to those documents listed in its privilege log as protected by the attorney-client privilege or work product doctrine. First Specialty shall produce all such documents on or before June 23, 2008. The re-opening of First Specialty's 30(b)(6) deposition must be conducted, at First Specialty's expense, on or before June 30, 2008.

IT IS FURTHER ORDERED that, after conferring with the office of the District Judge, the defendants' response to the motion for summary judgment shall be filed by July 1, 2008, and plaintiff shall file any reply by July 7, 2008.

THIS, the 13th day of June, 2008.

            ____/s/ S. ALLAN ALEXANDER_____
            UNITED STATES MAGISTRATE JUDGE

---

[3] In so ruling, the issue of whether the sufficiency of the information provided in the privilege log or whether a privilege is correctly asserted or actually extends to documents listed by First Specialty has not been raised by MSU, therefore the court has not made any determinations regarding these matters. Notwithstanding any objections, other than the "claims file" privilege which the court addresses herein, and there currently are none, the privilege log speaks for itself.