# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**FIRST SPECIALTY INSURANCE CORPORATION**          **PETITIONER**

**VS.**                                          **CAUSE NO.: 1:07CV98-SA**

**UNITED STATES AQUACULTURE LICENSING, et al.**          **RESPONDENTS**

## ORDER ON MOTION FOR ALLOWANCE OF FEES AND COSTS

This cause comes on for consideration on Mississippi State University's, ("MSU"), Motion for Allowance of Fees [107]. The Court finds as follows:

On February 18, 2008, MSU filed a notice of 30(b)(6) deposition of First Specialty Insurance Company ("First Specialty") designating eighteen categories of documents to be produced. First Specialty moved for a protective order with respect to seven of the categories of documents requested. The motion for protective order was granted in part and denied in part. In that Order, the Court held that "documents, policies, procedures, manuals and other such documents that are prepared in the ordinary course of business are certainly not covered by either the work product doctrine or the attorney client privilege; those must be produced and may be the subject of questions during the deposition." Without a privilege log from First Specialty regarding documents claimed subject to protection or privilege, the court concluded that it was "simply without evidence sufficient to find that the attorney client privilege is or is not applicable in this case."

On February 28, 2008, MSU filed a Motion to Compel asking the Court to require First Specialty to produce documents requested in MSU's re-notice of deposition, and the motion also asked the Court to allow MSU to re-open First Specialty's 30(b)(6) deposition to obtain First Specialty's interpretation of coverage and additional document production, if any.

The above motion to compel and motion for protective order revisited the exact issues addressed in Magistrate Judge Alexander's March 20, 2008, Order. Magistrate Judge Alexander, in another order on June 13, 2008, ordered that First Specialty produce numerous documents in which it previously failed to produce. Magistrate Judge Alexander also noted, "It is clear that First Specialty has responded to MSU's requests for production based on its own perception of this case and not necessarily responded completely as provided by the Rules of Discovery." Further, Magistrate Judge Alexander held,

> With regard to reopening the 30(b)(6) deposition and testimony of First Specialty representatives, there is no doubt that (1) First Specialty's unilateral decision not to search for or produce certain documents and (2) First Specialty's delay in production of a privilege log until after the 30(b)(6) deposition and after the close of discovery in this case has delayed the progress of this case. In light of First Specialty's delay in production and failure to produce all relevant documents, there now exist matters that may be properly inquired into by MSU. Accordingly, the court orders that the First Specialty 30(b)(6) deposition be reopened, and MSU may pursue questions related to documents produced as a result of this order. The deposition shall be re-convened on or before July 1, 2008, and the cost of the deposition, including MSU's reasonable attorney's fees and expenses, shall be paid by First Specialty. See Fed R. Civ. P 37(a)(5)(A).

As evidenced by Judge Alexander's Order, First Specialty shall pay the cost of the deposition, including MSU's reasonable attorneys' fees and expenses. Also, as required by Federal Rule of Civil Procedure 37, if a motion to compel is granted, the district court "shall . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising such conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Furthermore, the Court can issue sanctions for failure to comply with a court order, and "must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

2

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (b)(2)(C).

In light of First Specialty's failure to produce the privilege log until after the 30(b)(6) deposition and after the close of discovery, First Specialty shall have to pay for the cost of the deposition which would have been unnecessary but for First Specialty's delay. First Specialty cites Tollett v. City of Kemah, for the proposition that this discovery would have been incurred regardless of First Specialty's noncompliance. 285 F.3d 357 (5th Cir. 2002). As noted above, this assertion is not accurate. If First Specialty would have timely provided the privilege log as noted in the Court's March 20, 2008, Order, a second 30(b)(6) deposition would not have been necessary.

Furthermore, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), First Specialty shall pay attorney's fees in preparation of the Motion to Compel also. Accordingly, the Court will allow all hours attributable to:

1) preparation and filing of Motion to Compel,

2) phone calls and office time in telephone conferences regarding Motion and Order to Compel,

3) the cost of the actual deposition, and

4) attorneys' fees attributed to re-taking the deposition.

The Court will disallow any hours that appear to be fees that would be incurred regardless of the need to compel. See Tollett, 285 F.3d at 368 (holding that fees incurred for the underlying discovery requests were not caused by any failure to comply).

Specifically, the Court will allow MSU to recover the following entries:
1)  3/28/08: 3 hours,

3

2) 3/31/08: .5 hours,

3) 4/03/08: 7.90 hours,

4) 4/04/08: 10.90 hours,

5) 4/08/08: 1 hour,

6) 4/09/08: 2.4 hours,

7) 4/10/08 (two entries): 5.40 hours,

8) 4/11/08 (two entries): .5 hours,

9) 6/13/08: .80 hours,

10) 6/16/08: 1 hour,

11) 6/17/08: 1.10 hours,

12) 6/18/08: 7.30 hours,

13) 6/19/08: 3.00 hours,

14) 6/24/08 (first entry): 1.30 hours,

15) 6/26/08: 3.40 hours,

16) 6/26/08 (mislabeled 6/28/08): 8.60 hours, and

17) Expenses of the deposition of Kevin Riedel $1008.35.

The Court will disallow the following items:

1) 4/01/08: 6.70 hours,

2) 6/23/08: 8.30 hours,

3) 6/24/08 (second entry) 12.50 hours, and

4) 6/25/08: 14.50 hours.

Lastly, the Court finds that MSU's rates of $150 per partner hour and $60 per paralegal hour are reasonable for this geographical area. Therefore, MSU is entitled to recover from First Specialty in the amount of $9705.35.[1]

So **ORDERED**, this the 17th day of December, 2008.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT COURT JUDGE**

---

[1] 57.9 hours * $150/hour = $8685 + (.20*$60/hour) = $8697 + $1008.35 = $9705.35.